# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| TRAVIS T. WILLIAMS, #Y15910, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 19-cv-01192-JHL |
| | ) | |
| ZACHARIAH BUCHANON, | ) | |
| C/O EKELBERRY, | ) | |
| DEE DEE BROOKHART, | ) | |
| AND RUSSELL GOINES, | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

**JOAN H. LEFKOW, United States District Judge:**[1]

Plaintiff Travis Williams, an inmate of the Illinois Department of Corrections ("IDOC") currently incarcerated at Lawrence Correctional Center ("Lawrence"), brings this *pro se* action pursuant to 42 U.S.C. § 1983 and the Federal Tort Claims Acts ("FTCA"), 28 U.S.C. §§ 1346, 2671-2680. Williams asserts claims against the defendants for using excessive force against him on February 27, 2019. He seeks money damages.

The complaint is now before the court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A(a), the court is required to screen prisoner complaints to filter out non-meritorious claims. Any portion of a complaint that is legally frivolous, malicious, fails to state a claim on which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture,

---

[1] Sitting by designation pursuant to 28 U.S.C. § 294(c) and Administrative Order No. 252 of the United States District Court for the Southern District of Illinois.

1

the factual allegations of the *pro se* complaint are to be liberally construed. *Rodriguez* v. *Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## THE COMPLAINT

In the Complaint, Williams makes the following allegations (Dkt. 1): On or around February 27, 2019, Williams was handcuffed and escorted to the prison dietary unit by orange crush tactical team officers during a shakedown at Lawrence. When Williams complained that the handcuffs were cutting off circulation to his fingers, Sergeant Sean, Sergeant Ekelberry, and Lieutenant Buchanon responded with excessive force.

The three officers grabbed Williams and threw him to the floor. They beat his shins with wooden sticks. Lieutenant Buchanon choked Williams, while Sergeant Ekelberry stuck his fingers down Williams' throat. They slammed his head into walls and caused him to lose consciousness. When Williams regained consciousness the first time, Lieutenant Buchanon accused him of assaulting the officer with his shoulder. Lieutenant Buchanon then punched Williams in the back of the head until he lost consciousness a second time. He was placed in a wheelchair and taken to segregation. Williams received a disciplinary ticket and found guilty of assault, dangerous disturbances, and disobeying a direct order. He was punished with 6 months of lost good conduct credit, 6 months of C-grade, 6 months of contact visitation restrictions, and 3 months of segregation. Williams brings claims against Lieutenant Buchanon, Sergeant Ekelberry, Security Warden Goines, and Chief Warden Brookhart for violations of his civil rights, retaliation, and destruction of property.

## PRELIMINARY DISMISSALS

Williams identifies the following two individuals as defendants in the case caption but omits them from his statement of claim: Wardens Brookhart and Goines. A plaintiff cannot state

a claim against a defendant simply by including the individual's name in the caption of the complaint. *Collins* v. *Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). He also cannot state a § 1983 claim against a defendant simply because the individual serves in a supervisory capacity at the prison. The doctrine of *respondeat superior* (i.e., liability of supervisor) does not apply to § 1983 actions. *Griffin* v. *Wexford Health Sources, Inc.*, 244 F. Supp. 3d 787, 790 (N.D. Ill. 2016); *Monell* v. *Dep't of Soc. Servs.*, 436 U.S. 658, 98 S. Ct. 2018 (1978). Liability instead hinges on personal responsibility for the deprivation of a constitutional right. *See Kinslow* v. *Pullara*, 538 F.3d 687, 692 (7th Cir. 2008), citing *Monell v. N.Y. City Dep't of Soc. Servs.*, 436 U.S. 658, 691 1978). The complaint sets forth no allegations against the wardens and states no plausible claim against them.

In addition, Williams omits the following two individuals from his case caption but includes them in his statement of claim: Sergeants Sean and Reed. When parties are not listed in the caption, this court will not treat them as defendants. *See* FED. R. CIV. P. 10(a) (title of the complaint "must name all the parties"); *Myles* v. *United States*, 416 F.3d 551, 551-52 (7th Cir. 2005) (defendant must be "specif[ied] . . . in the caption"). All claims against Sergeants Sean and Reed are considered dismissed without prejudice. *Id*.

### DISCUSSION

Based on the allegations, the court designates the following claims in this *pro se* action:

**Count 1:** Eighth Amendment claim against Buchanon and Ekelberry for using excessive force against Williams on or around February 27, 2019.

**Count 2:** First Amendment retaliation claim against Buchanon and Ekelberry.

**Count 3:** Fourteenth Amendment claim against Buchanon and Ekelberry for depriving Williams of his property without due process of law.

**Count 4:** Fourteenth Amendment claim against Buchanon and Ekelberry for depriving Williams of his liberty without due process of law by issuing him a disciplinary ticket that resulted in his punishment with lost good conduct credit, segregation, C-grade, and visitation restrictions.

**Count 5:** FTCA claim against Buchanon and Ekelberry.

The parties shall use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this court. **Any claim that is mentioned in the complaint but not addressed in this order is considered dismissed without prejudice under *Twombly*.**[2]

### Count 1

A prison official's intentional use of excessive force against an inmate without penological justification constitutes cruel and unusual punishment in violation of the Eighth Amendment. *See Wilkins* v. *Gaddy*, 559 U.S. 34, 130 S. Ct. 1175 (2010); *DeWalt* v. *Carter*, 224 F.3d 607, 619 (7th Cir. 2000). An inmate bringing an excessive force claim must show that an assault occurred and that it was carried out maliciously and sadistically instead of in "'a good-faith effort to maintain or restore discipline.'" *Wilkins*, 559 U.S. at 40 (citing *Hudson* v. *McMillian*, 503 U.S. 1, 6, 112 S. Ct. 995 (1992)). Williams alleges that Buchanon and Ekelberry used force against him without penological justification, when they threw him to the floor, beat him with a wooden stick, and repeatedly hit him in the head because he complained of tight cuffs. These allegations support an Eighth Amendment claim for excessive force against both defendants. Accordingly, Count 1 survives screening against Buchanon and Ekelberry.

### Count 2

To state a claim of retaliation under the First Amendment, an inmate must show that "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was 'at least a motivating factor' in the [d]efendants' decision to take the retaliatory action." *Gomez* v.

---

[2] *See Bell Atlantic Corp.* v. *Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

*Randle*, 680 F.3d 859, 866 (7th Cir. 2012) (citation omitted). Williams mentions a retaliation claim for the first time in his request for relief by asking the court to "charge" the defendants with retaliation "for me filing previous lawsuit just 2 months prior." (Dkt. 1 at 7.) Williams sets forth no allegations in his statement of claim, or elsewhere, which suggest that the defendants took adverse action against him because of the prior suit he filed. Factual allegations in a complaint must raise a right to relief "above the speculative level." *Twombly*, 550 U.S. at 555; *Ashcroft* v. *Iqbal,* 556 U.S. 662, 678, 129 S. Ct. 1937 (2009) (complaint must describe "more than a sheer possibility that a defendant has acted unlawfully"). The allegations fall short of this standard. Count 2 shall therefore be dismissed without prejudice.

### Counts 3 and 4

To state a Fourteenth Amendment claim, an inmate must establish a deprivation of liberty or property without due process of law. U.S. CONST. amend XIV. Williams fails to establish the existence of a protected liberty or property interest. He also asserts no due process violations.

Instead, Williams seeks damages for lost property in his request for relief. The Illinois Court of Claims offers an adequate post-deprivation remedy for his lost property in an action for damages. *Hudson* v. *Palmer*, 468 U.S. 517, 530-36, 104 S. Ct. 3194 (1984) (availability of damages remedy in state claims court is an adequate, post-deprivation remedy); *Murdock* v. *Washington*, 193 F.3d 510, 513 (7th Cir. 1999) (citations omitted) ("A prisoner has adequate process where an adequate post-deprivation remedy is available to redress unauthorized confiscations of property."). Count 3 shall be dismissed without prejudice to Williams pursuing relief in state court.

Williams also attaches a copy of his disciplinary ticket to the complaint. He does not assert that his due process rights were violated in connection with the ticket. Williams also makes no

5

claim that he was punished with placement in segregation under conditions imposing an "atypical and significant hardship" on him in relation to the ordinary incidents of prison life. *Hardaway* v. *Meyerhoff*, 734 F.3d 740, 743 (7th Cir. 2013) (*Marion* v. *Columbia Cty. Corr. Inst.*, 559 F.3d 693, 697 (7th Cir. 2009)). Count 4 shall therefore be dismissed without prejudice for failure to state a claim for relief.

## Count 5

The FTCA provides a vehicle for bringing suit against the United States, in situations where a private person would be liable under state law. *Augutis* v. *United States*, 732 F.3d 749, 752 (7th Cir. 2013). Williams did not name the United States as a defendant. He is an inmate who is in state custody. All relevant events occurred in a state prison. All defendants are state actors. His claims arise under § 1983 and not the FTCA. Count 5 shall be dismissed with prejudice.

## PENDING MOTION

The Motion for Recruitment of Counsel (Dkt. 3) is **DENIED without prejudice**. A district court considering an indigent plaintiff's request for counsel must first consider whether the plaintiff has made reasonable attempts to secure counsel on his own, and, if so, whether the difficulty of the case factually and legally exceeds his capacity as a layperson to present it. *Navejar* v. *Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (citing *Pruitt* v. *Mote*, 503 F.3d 647, 654 (7th Cir. 2007)). Neither of these requirements is satisfied. Plaintiff has not demonstrated reasonable efforts to locate counsel on his own, and he identifies no significant impediments to self-representation beyond his hearing impairment and limited knowledge of the law. The complexity of this case does not exceed Plaintiff's capacity to litigate it, given his demonstrated ability to meet deadlines, file coherent pleadings, and prepare a complaint that survives screening. Plaintiff may file a new motion, should his situation change and he is unable to locate counsel on his own.

## DISPOSITION

**IT IS ORDERED** that the Complaint (Dkt. 1) survives screening pursuant to 28 U.S.C. § 1915A, as follows: **COUNT 1** will receive further review against Defendants **BUCHANON** and **EKELBERRY**.

**IT IS ORDERED** that **COUNTS 2, 3,** and **4** are **DISMISSED** without prejudice and **COUNT 5** is **DISMISSED** with prejudice for failure to state a claim for relief.

**IT IS ORDERED** that Defendants **BROOKHART** and **GOINES** are **DISMISSED** without prejudice because the complaint sets forth insufficient allegations to state any claim against them. The Clerk is **DIRECTED** to **TERMINATE** both individuals as defendants in the Case Management/Electronic Case Filing ("CM/ECF") system.

With respect to Count 1, the Clerk of Court shall prepare for Defendants **ZACHARIAH BUCHANON** and **C/O EKELBERRY**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each defendant's place of employment as identified by Williams. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the court will require that defendant pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant cannot be found at the work address provided by Williams, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, the defendant's last-known address. This information shall be used only for sending the forms as directed above

or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, defendants need only respond to the issues stated in this Merits Review Order.**

**IT IS ORDERED** that **pursuant to Administrative Order No. 252, this case is reassigned to Chief Judge Nancy J. Rosenstengel.**

**IT IS ORDERED** that this entire matter be **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), should all the parties consent to such a referral.

**IT IS ORDERED** that if judgment is rendered against Williams, and the judgment includes the payment of costs under § 1915, he will be required to pay the full amount of the costs, whether or not an application for *in forma pauperis* is granted. 28 U.S.C. § 1915(f)(2)(A).

Finally, Williams is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

    **IT IS SO ORDERED.**
    **DATED: 1/7/2020**

    */s/ Joan H. Lefkow*
    **JOAN H. LEFKOW**
    **United States District Judge**

### Notice to Plaintiff

The court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the court at this time, unless specifically directed to do so.**